## FARRELL v. HAVATAMPA CIGAR CO., et al.

### No. X-63818.

Industrial Commission.

April 25, 1958.

C. J. Hardee, Jr., Tampa, for claimant.

Rodney Durrance of Shackleford, Farrior, Stallings, Glos & Evans, Tampa, for Hava-Tampa Cigar Co. and Employers Group Insurance Co.

J. H. Hansbrough of Macfarlane, Ferguson, Allison & Kelly, Tampa, for Alterman Transport Lines, Inc. and Exchange Insurance Ass'n.

PHILLIP L. KNOWLES, Deputy Commissioner.

The undersigned deputy commissioner has considered the matters submitted to him at a hearing held on waiver of statutory notice on April 14, 1958.

On February 3, 1958 the claimant through his attorney, C. J. Hardee, Jr., filed a claim for workmen's compensation benefits against Hava-Tampa Cigar Co., Lykes Bros., Inc. and Alterman Transport Lines, Inc.

On the same day claimant's attorney wrote to P. A. Pacyna, claims manager for Employers Group Insurance Co., enclosing in his letter a written authorization from the claimant, requesting Mr. Pacyna to furnish to him, as claimant's attorney, copies of medical reports pertaining to examinations and treatment of the claimant, obtained by or in the possession of the Employers Group Insurance Co., insurers for the Hava-Tampa Cigar Co.

Mr. Pacyna, through his letter dated February 6, 1958, refused to furnish the reports requested on the ground that he was under no duty to do so because section 440.13 (1), Florida Statutes 1957, places the responsibility for furnishing reports to the commission and to the claimant on the treating physician.

Thereafter, on February 6, 1958, claimant filed a petition to require the Employers Group Insurance Co. to furnish the medical reports mentioned above.

Notwithstanding the importance and necessity of the free and timely exchange of medical reports by the parties, their agents and attorneys, to the efficient and expeditious handling of workmen's compensation cases, the Workmen's Compensation Act has little to say with regard to the duties of the parties to exchange such reports. Section 440.13 (1) requires the physician to furnish such reports to the commission and to the injured employee upon demand.

For many years, however, based on practicalities, it has been the custom for the parties to a workmen's compensation claim, whether employer, carrier, employee or agent or attorney, to furnish to the party in interest who makes a request and shows his authority to do so, all medical reports in his possession having to do with the examination, remedial treatment, care, diagnosis, or disability evaluation of the injured employee. This has been a reciprocal courtesy from the employer's representatives to the claimant's, and vice versa.

Considering the provisions and underlying intent of section 440.13 (1) and rule 20 of the commission, together with the accepted customs of practice in workmen's compensation cases, it is the opinion and finding of the undersigned that section 440.13 (1) intends that medical reports be exchanged, as is set out in the preceding paragraph, which duty to exchange reports continues through the handling and trial of a claim to its completion.

It is therefore ordered that Hava-Tampa Cigar Co., through its carrier, Employers Group Insurance Co., furnish to claimant's attorney the requested reports, which are described in the third paragraph of this order.